The City of Philadelphia, to the use of Arthur McGinn, v. Sarah L. Reeder and Rachel Anne Reeder, Appellants. | 173 19 SC | 281 96|

*Evidence—Witness—Credibility of witness—Scire facias sur municipal lien.*

At the trial of a scire facias sur municipal lien, it appeared that the paving for which the lien had been filed was constructed by the use plaintiff under the supervision of the assistant commissioner of highways, and had been accepted by the city as well done according to the specifications. A witness for the defendants who was an agent of a municipal reform association testified to facts tending to show that the work had not been done according to specifications. On cross-examination the plaintiff was permitted under objection and exception to ask the witness whether he had not at another time made a false accusation of corruption as an officer, against the assistant commissioner in connection with the very work of which the pavement in front of defendants' property was a part: *Held* that the question was properly permitted as bearing upon the credibility of the witness, inasmuch as the jury might infer, if he had made such a charge, that his malice continued unabated, and that his testimony was prompted by hatred.

When an oral offer of evidence is admitted, and the proof of it wholly fails, the natural tendency is to arouse prejudice against the party making the unfounded offer, and the adverse party has no reason to complain that the jury may have been prejudiced.

Argued Jan. 7, 1896. Appeal No. 155, Jan. T., 1895, by defendants, from judgment of C. P. No. 3, Philadelphia Co., Dec. T., 1888, No. 60, M. L. D., on verdict for plaintiff. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Scire facias sur municipal lien. Before Gordon, J.

The facts appear by the opinion of the Supreme Court.

At the trial T. B. M. Addis, the agent of the Citizens' Municipal Association, was called as a witness for the defendants and gave testimony which tended to show that the work had not been done according to the specifications. He was asked this question by Mr. Cantrell: Did you give information to the municipal association that Mr. Martin was not attending to his duties?

Objected to by Mr. Simpson.

The Court: What relevancy has this matter to the case on trial?

Mr. Cantrell: I propose to show that this witness had a feeling against John Martin, who was the assistant commissioner of highways of the district in which the work was done; that as agent of the Citizens' Municipal Association, this witness wrote a letter to Joel J. Bailey, the president of said association, accusing a Mr. Martindale—

Mr. Simpson: I request that this offer be made at side bar. It is clearly inadmissible, but its mere statement in the hearing of the jury may be prejudicial.

Mr. Cantrell: I will state it to his honor, if necessary.

The Court: I presume counsel will state nothing they do not think is admissible.

Mr. Cantrell: I propose to prove that this witness had and has a feeling against John Martin, the assistant commissioner of highways of the district where this work was done, and in order to injure Martin, the witness, as agent of the Citizens' Municipal Association, wrote a letter to Joel J. Bailey, the president of the said association, accusing Isaac Martindale, a clerk in the highway department, of falsely swearing to the pay roll of the city on which the name of John Martin as assistant commissioner of highways appears, when he, the said John Martin, had not been at work, and thereby the city was defrauded out

of the money paid to John Martin for his salary as such assistant highway commissioner. That the said Joel J. Bailey, as president of the said association, in pursuance of the letter written by the witness, wrote to the director of public works and accused Martindale of false swearing to the pay roll by placing thereon John Martin as assistant commissioner of highways, when, as the letter alleged, the said John Martin was not attending to his duties as assistant commissioner of highways; that Martindale then commenced suit against Joel J. Bailey for libel, and at the trial Bailey admitted that the information he had received was false, and agreed that a verdict should be taken against him in favor of Martindale for $2,500, which was done. This evidence is offered to show the prejudice the witness has against John Martin, who inspected this paving, and also it goes to the credibility of the witness.

The Court: I will permit the question to be put.

Exception for defendants. [1]

A. When do you allude to? Q. At any time? A. No, sir; I cannot say that I did. Q. Did you ever send a communication, or give information, that Mr. John Martin, the assistant commissioner of highways of that district, was not attending to his duties?

Objection by Mr. Simpson; overruled; exception for defendants. [2]

A. I would appeal to the court here, and ask whether or not a man is compelled to tell everything that he said to the Municipal Association as their agent?

The Court: You are not asked to tell everything.

Mr. Cantrell: I will withdraw the question.

Verdict and judgment for plaintiff for $730.35. Defendants appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions.

*Alexander Simpson, Jr.*, for appellants, cited, Velott v. Lewis, 102 Pa. 334.

*Francis S. Cantrell*, for appellee, cited, Ott v. Houghton, 30 Pa. 451; 1 Greenleaf, Ev. 614.

OPINION BY MR. JUSTICE DEAN, January 20, 1896 :

McGinn, the use plaintiff, under a contract with the city, paved Kirkbride street on which defendants' lot fronts, and filed a lien for the same. In sci. fa. on the lien, defendants pleaded a failure of contractor to properly do the work. Among other witnesses to prove faulty work, defendants called T. B. M. Addis, agent for Citizens' Municipal Association, who testified to the defective construction of the pavement. On cross-examination, plaintiff's counsel proposed to ask the witness whether he had not, in a letter to the president of the Municipal Association, falsely accused John Martin, assistant commissioner of highways, in charge of this work, through the false swearing of Clerk Isaac Martindale, of corruptly receiving money not earned and thereby defrauding the city; the purpose of the offer being to affect the credibility of the witness. To this, defendants objected, on the ground that the testimony was irrelevant. The court permitted the question, and defendants excepted. This, and another question of similar import, which last was not answered, constitute the assignments of error preferred by appellants.

So far as the fact proposed to be proved in response to the interrogatory is concerned, no harm resulted to defendants, for the witness denied he had made such false report. But the interrogatory was propounded orally in the hearing of the jury; appellant argues, it should have been reduced to writing and submitted to the court, or have been made at side bar out of hearing of the jury. That, although the answer did defendants no harm, the statement, in substance, of the expected answer, with detailed circumstances as to time and place, necessarily prejudiced defendants' case.

We are of opinion, the fact proposed to be proved was evidence as bearing on the credibility of Addis.

The work for which the lien had been filed, was constructed by the city under the supervision of its sworn officer, Martin, and had been accepted by it as well done and according to the specifications. Unless the weight of the presumption in plaintiff's favor thus raised was rebutted by direct and positive evidence to the contrary, defendants' case failed, for in their notice of special matter, they averred the work had not been done in accordance with the contract, proposals and specifications. This

was an indirect attack on either the competency or integrity of the supervising officer, Martin. Addis testified in support of this averment, that instead of the street being graded out fifteen inches below the top of the pavement, it had only been graded eight to nine inches; that the blocks had been laid on a very thin coat of gravel or fine sand, and spaces left between the blocks not filled in, and the bed underlying was of loam. If this were true, the work did not come up to the specifications, and there was gross dereliction on part of the officer, Martin, whose duty it was to see that the contractor performed his work according to his contract.

If Addis were believed, the presumption that the city's sworn officer had done his duty, was effectually rebutted. But plaintiff attacked the credibility of Addis, and alleged that he was spiteful and prejudiced against Martin; that his testimony was prompted by ill feeling towards him, and they proposed to ask him whether he had not at another time falsely and maliciously accused Martin of corruption as an officer, in connection with the very work in that territory, of which the pavement in front of defendants' property was a part, by receipt of the fruits of perjury by a clerk. This was not an independent fact; not as if the witness had been asked whether he had not at some time or other made a false accusation against Martin; but it was whether he had not once before, in connection with a part of the work, which was the subject of dispute, made a false accusation against Martin. If he had done so, the jury might fairly infer his malice continued unabated, and that his testimony now, which was, in effect, an indirect accusation of Martin, was also prompted by malice; that his attitude in this issue was not solely to disclose the truth, but to gratify his hatred of Martin.

Observation and experience have taught us to act in the gravest affairs of life in thus judging the credibility of testimony, and we think there was no error in permitting the question.

However, the witness denied making the alleged false statement; but defendants aver, the offer having been made in the hearing of the jury to prove the fact, that, of itself, to some degree, had the same effect as if it had been proved, therefore it was error to state the offer in open court.

It is doubtless true, an overruled offer in the hearing of the

jury to prove certain facts often prejudices them against the party to whom the proposed proof is unfavorable. The jury may and often do conclude the party making the offer is able to prove the facts stated in it, and but for the adverse ruling of the court would have done so; and this is the reason for side bar and written offers. But when the oral offer is admitted, and the proof of it wholly fails, surely the adverse party has no reason to complain that the jury may have been prejudiced. If any prejudice resulted, the natural tendency was to arouse it against the party making the unfounded offer or groundless accusation.

The second specification of error is of the same character. Both are overruled, and the judgment is affirmed.